FILED
08-01-2022
Circuit Court
St. Croix County, WI
2022CV000272
~~Honorable Edward Vlack~~
Branch 2

STATE OF WISCONSIN        CIRCUIT COURT        ST. CROIX COUNTY

---

Ronald Kapaun
708 Wisconsin Street
City of Hudson, WI 54016

Court File No.
Personal Injury – Other
Code No. 30107

Plaintiff,

and

HealthPartners, Inc.
301 South Bedford Street, Suite 1
Madison, WI 53703

Involuntary Plaintiff,

vs.                                                                                              **COMPLAINT**

Union Pacific Railroad Company
301 South Bedford Street, Suite 1
Madison, WI 53703

Wisconsin Department of Transportation
4822 Madison Yards Way
Madison, WI 53707
c/o Attorney General
114 East, State Capitol
Madison, WI 53702

Look Cycle USA, Inc.
251 Little Falls Drive
Wilmington, DE 19808

AXA Insurance Company
301 South Bedford Street, Suite 1
Madison, WI 53703

Look Cycle International S.A.
27 rue du Dr Léveillé - CS 90013
58028 Nevers CEDEX
France (FR)

93099806.1

EXHIBIT 1

AXA Insurance Company
301 South Bedford Street, Suite 1
Madison, WI 53703

Art Doyle's Spokes & Pedals, Inc.
607 2nd Street
Hudson, WI 54016

The Travelers Companies
8040 Excelsior Drive, Suite 400
Madison, WI 53717

      Defendants.

---

Plaintiff, for his Complaint against the Defendants, states and alleges as follows:

## PARTIES AND JURISDICTION

I.

Plaintiff Ronald Kapaun resides at 708 Wisconsin Street, City of Hudson, St. Croix County, Wisconsin.

II.

Involuntary Plaintiff HealthPartners, Inc. is a foreign corporation that provides health coverage to Wisconsin residents. HealthPartners, Inc. has made payments to or on behalf of Plaintiff pursuant to an insurance policy issued by it and may have a subrogation interest, and is made a party pursuant to Wis. Stat. Section 803.03.

III.

Defendant Union Pacific Railroad Company (Union Pacific) is a foreign corporation with a registered agent address of 301 South Bedford Street, Suite 1, Madison, Wisconsin.

IV.

2

93099806.1

Defendant Wisconsin Department of Transportation (DOT) is a governmental entity with a principal place of business at 4822 Madison Yards Way, Madison, Wisconsin.

V.

Defendant Look Cycle USA, Inc. (Look Cycle) is a foreign corporation with a registered agent address of 251 Little Falls Drive, Wilmington, Delaware.

VI.

Defendant AXA Insurance Company (AXA) is an insurance corporation with a registered agent address of 301 South Bedford Street, Suite 1, Madison, Wisconsin that issued a liability insurance policy insuring Defendant Look Cycle USA that was in full force at all relevant times and is a proper party pursuant to Wis. Stat. § 803.04(2)(a).

VII.

Defendant Look Cycle International S.A. (Look Cycle) is a foreign corporation with a principal place of business at 27 rue du Dr Léveillé - CS 90013, 58028 Nevers CEDEX, France.

VIII.

Defendant AXA Insurance Company (AXA) is an insurance corporation with a registered agent address of 301 South Bedford Street, Suite 1, Madison, Wisconsin that issued a liability insurance policy insuring Defendant Look Cycle International S.A. that was in full force at all relevant times and is a proper party pursuant to Wis. Stat. § 803.04(2)(a).

93099806.1

IX.

Defendant Art Doyle's Spokes & Pedals, Inc. (Art's) is a Wisconsin corporation with a registered agent address of 607 2nd Street, Hudson, Wisconsin.

X.

Defendant The Travelers Companies (Travelers) is an insurance corporation with a registered agent address of 8040 Excelsior Drive, Suite 400, Madison, Wisconsin that issued a liability insurance policy insuring Defendant Art Doyle's Spokes & Pedals, Inc. that was in full force at all relevant times and is a proper party pursuant to Wis. Stat. § 803.04(2)(a).

XI.

Union Pacific, DOT, Look Cycle and Art's are all engaged in substantial and not isolated activities within the state of Wisconsin.

XII.

The incident giving rise to this lawsuit and injury to Plaintiff was within the state of Wisconsin.

## FACTS

XIII.

On September 2, 2019, Plaintiff was riding his Look 586 Bicycle (Bicycle) southbound on Highway U in Hudson, Wisconsin where he was legally permitted to bicycle. Plaintiff passed Schommer Drive and approached a railroad crossing. Plaintiff bicycled over the railroad crossing and his bicycle fractured. Plaintiff fell to the ground

4

93099806.1

and sustained, among other injuries, a C4 fracture and spinal cord injury resulting in incomplete C4-C5 tetraplegia requiring laminectomy.

XIV.

Union Pacific and DOT owned, operated and maintained the railroad crossing and right of way. Union Pacific and DOT had exclusive control of and the exclusive right to the control of the railroad crossing and right of way. The railroad crossing and right of way Plaintiff bicycled over was in a defective, dangerous and hazardous state as seen in the photo below. Union Pacific and DOT should have inspected the railroad and right of way, knew or should have known about the defective, dangerous and hazardous state of their railroad and right of way, and corrected the defect, danger and hazard.



5

93099806.1

XV.

The bicycle was a Look 586 carbon fiber bicycle as shown below. Look Cycle manufactured, designed, marketed and sold the bicycle. The bicycle contained a manufacturing defect, was defective in design, and was defective because of inadequate instructions and warnings. The defective condition of the bicycle existed at the time the bicycle left the control of Look Cycle and Art's and rendered the bicycle unreasonably dangerous. The bicycle was without substantial change from when Plaintiff purchased the bicycle to the date of the incident. The defective condition was a cause of the incident.



XVI.

93099806.1

Plaintiff purchased the bicycle from Art's and Art's had maintained and repaired the bicycle before the incident.

## CLAIMS AGAINST DEFENDANTS UNION PACIFIC AND DOT

### XVII.

Union Pacific and DOT failed to properly maintain their railroad and right of way.

### XVIII.

Union Pacific and DOT negligently maintained their railroad and right of way.

### XIV.

Union Pacific and DOT failed to properly inspect their railroad and right of way.

### XX.

Union Pacific and DOT negligently inspected their railroad and right of way.

### XXI.

Union Pacific and DOT failed to remedy a known, hazardous, dangerous and defective condition on their railroad and right of way.

### XXII.

Union Pacific and DOT violated its own practices and policies with regard to safety of their railroad and right of way.

### XXIII.

Union Pacific and DOT violated 49 CFR § 213.5; 49 CFR § 213.7; 49 CFR § 213.11; 49 CFR § 213.63; 49 CFR § 213.103; 49 CFR § 213. 109; 49 CFR § 213.127; 49 CFR § 213.133; 49 CFR § 213.233; 49 CFR § 213.235; 49 CFR § 213.237; 49 CFR § 213.238; 49 CFR § 213.239; 49

93099806.1

CFR § 213.303; 49 CFR § 213.305; 49 CFR § 213.331; 49 CFR § 213.332; 49 CFR § 213.333; 49 CFR § 213.334; 49 CFR § 213.335; 49 CFR § 213.337; 49 CFR § 213.339; 49 CFR § 213.343; 49 CFR § 213.351; 49 CFR § 213.359; 49 CFR § 213.361; 49 CFR § 213.364; 49 CFR § 213.365; 49 CFR § 213.367; 49 CFR § 213.369; 49 CFR § 213.119; and 49 CFR § 213.343.

XXIV.

Union Pacific and DOT violated Wisconsin Statute § 195.27; Wisconsin Statute § 86.12; and Wisconsin Statute § 86.13.

XXV.

Union Pacific and DOT are liable pursuant to a res ipsa loquitor theory since they have the exclusive right of and the exclusive right to the control of the railroad crossing and right of way and the incident is of a kind that ordinarily would not have occurred had Union Pacific and DOT exercised ordinary care.

### CLAIMS AGAINST DEFENDANT LOOK CYCLE

XXVI.

Look Cycle is strictly liable for manufacturing, designing, marketing and selling the bicycle in its defective condition.

XXVII.

Look Cycle negligently manufactured, designed, marketed and sold the bicycle in its defective condition.

### CLAIMS AGAINST DEFENDANT ART'S

XXVIII.

8

93099806.1

Art's negligently repaired and maintained the bicycle.

XXVIX.

Art's is strictly liable for selling and providing instruction for the bicycle in its defective condition.

XXX.

Art's negligently sold and provided instruction for the bicycle in its defective condition.

## DAMAGES

XXXI.

The above-described incident and injuries and damages sustained by Plaintiff were the direct result of Defendants' negligence, strict liability and statutory violations.

XXXII.

As direct result of the incident described above, Plaintiff has sustained a loss of income and of future earning capacity, all to his damage in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000).

XXXIII.

As a direct result of the incident described above, Plaintiff has incurred medical and other treatment expenses and will be required to continue to do so in the future, all to his damage in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000).

XXXIV.

93099806.1

As a direct result of the incident described above, Plaintiff has endured pain and suffering; humiliation; embarrassment; worry; mental distress; noneconomic effects of disability including loss of enjoyment of the normal activities, benefits and pleasures of life and loss of mental or physical health, well-being and bodily functions all to his damage in an amount presently estimated to exceed Fifty Thousand Dollars ($50,000).

WHEREFORE, Plaintiff demands judgment against the Defendants for damages to be determined by a jury in accordance with the allegations of the Complaint, along with his costs and disbursements incurred herein, and all applicable interests pursuant to Wis. Stat. § 628.46.

**A TRIAL BY A JURY OF TWELVE IS HEREBY DEMANDED.**

Dated at Eagan, Minnesota, this 1st day of August, 2022.

Respectfully submitted,

BENNEROTTE & ASSOCIATES
Attorneys for Plaintiff
Ronald Kapaun

Wade W. Rabenhorst
Wisconsin State Bar No.: 1113024
Vincent J. Moccio (pro hac vice to be applied for)

ADDRESS:
3085 Justice Way, Suite 200
Eagan, MN 55121
Telephone: (651) 203-5990
Facsimile: (651) 288-0860
e-mail: wade@bennerotte.com
vincent@bennerotte.com

10

93099806.1